UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOANNA BURKE,** § | | Bankruptcy Case No. 24-30855 |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Adversary Proceeding No. 24-AP-3056 |
| § | | |
| **DEUTSCHE BANK NATIONAL** § | | |
| **TRUST COMPANY, PHH** § | | |
| **MORTGAGE CORPORATION, AVT** § | | |
| **TITLE SERVICES, LLC, DOES 1-10,** § | | |
| § | | |
| *Defendants.* § | | |

**PHH MORTGAGE CORPORATION'S
MOTION FOR WITHDRAWAL OF THE REFERENCE**

Defendant PHH Mortgage Corporation ("PHH") respectfully moves to withdraw the Reference pursuant to 28 U.S.C. §157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, and would respectfully show the Court as follows:

**I.
Basis for Withdrawal**

1. Joanna Burke ("Plaintiff" or "Burke") has engaged in a scorched earth campaign against her mortgagee and mortgage servicer for the past decade. Plaintiff's campaign has included no less than four appeals to the Fifth Circuit, with each appeal being rejected.[1]

2. After recent approval to proceed with foreclosure by the Fifth Circuit, Plaintiff's real property was posted for foreclosure. *See, Deutsche Bank Nat'l Trust Co. v. Burke,* 902 F.3d

---

[1] *See*: (1) *Deutsche Bank National Trust Company v. Burke*, 655 Fed. Appx. 251 (5th Cir. 2016); (2) *Deutsche Bank National Trust Company v. Burke,* 902 F.3d 548 (5th Cir. 2018); (3) *Burke v. Ocwen Loan Servicing, L.L.C.,* 855 Fed. Appx. 180 (5th Cir. 2021); and (4) *Burke v. Ocwen Loan Servicing, L.L.C.,* No. 22-20504, 2023 WL 6374190 (5th Cir. Apr. 25, 2023).

548 (5th Cir. 2018) ("Given nearly a decade of free living by the Burkes, there is no injustice in allowing [the] foreclosure to proceed").

3. In response to the foreclosure posting, Plaintiff elected to file yet another lawsuit in state court seeking temporary relief. Plaintiff's request for a temporary restraining order to stop the foreclosure was denied by the state court. Thereafter, Plaintiff filed consecutive bankruptcies, both bankruptcies being dismissed for Plaintiff's failure to comply with a Deficiency Order. *See, In Re Burke,* Case No. 23-35083, In the United States Bankruptcy Court for the Southern District of Texas. [ Doc. 15]. Also, *In Re Burke,* Case No. 24-30885, In the United States Bankruptcy Court for the Southern District of Texas. [Doc. 24].

4. While the second bankruptcy was pending, PHH removed the state district court lawsuit to the United States District Court for the Southern District of Texas. The case is pending before the federal district court as Case No. 4:24-cv-00897 ("Federal Suit"). Also pending in that suit is PHH's motion to have Plaintiff declared a vexatious litigant. *Id.* [Doc. 11].

5. Despite the pendency of the Federal Suit, Plaintiff brought this adversary proceeding <u>re-asserting</u> all of her claims already set out in the Federal Suit. *See* [Doc. 1, P. 11] ("This complaint integrates the pleadings, exhibits and order as docketed in the *Removed State Case*") (emphasis added). In addition to re-asserting herein all of her "non-core" claims, Plaintiff also advances claims in her adversary complaint that PHH violated the automatic stay when it removed Plaintiff's state court suit to federal court as well as that PHH foreclosed on the subject real property in violation of the stay. *See* [Doc. 1].[2] PHH liberally construes the additional claims to be core claims, resulting in "arising under" jurisdiction.

---

[2] No foreclosure occurred, yet Plaintiff asserts that the sale occurred without having any basis in fact. Also, PHH's removal of Plaintiff's state court suit was not done in violation of the automatic stay. The automatic bankruptcy stay only works to stop suits "against bankrupt debtors, not suits filed by bankrupt debtors." *See, McMillian v. MBank Fort*

6. Good cause warrants permissive withdrawal of the Reference because procedural and practical reasons dictate that the District Court should handle this case. 28 U.S.C. §157(d). Every matter pending before the Court, as set out in the adversary complaint, is already pending before the District Court; withdrawal of the reference would foster the economic use of judicial resources in only having one suit advancing the same claims. Withdrawal of the Reference would also reduce Plaintiff's efforts at forum shopping. Additionally, Plaintiff has made a jury demand, and her case involves both non-core issues that the Bankruptcy Court cannot finally decide. As detailed below, the statutory standard for permissive withdrawal is plainly met.

## II.
## Argument

7. The predicates for withdrawing the reference of a case to a bankruptcy court are found in 28 U.S.C. § 157(d). Section 157(d) provides:

> … [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on a timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The statute contains two provisions. One sets forth a mandatory withdrawal requirement when the case requires consideration of both the Bankruptcy Code and other federal laws "regulating organizations or activities affecting interstate commerce." *Id.* The other provides for permissive withdrawal upon a showing of "cause." *Id.* As set forth below, the requirements of the permissive withdrawal provisions are met here. Further, this motion is timely brought within 90 days of the complaint being filed in this adversary proceeding. *See,* In re Bankruptcy Jurisdiction, Gen. Order 2011-12 (S.D. Tex. Nov. 29, 2011).

---

*Worth, N.A.,* 4 F.3d 362, 366 (5th Cir. 1993). The issue of whether PHH's removal was proper is already briefed and pending resolution by the district court. *See,* Case No. 4:24-cv-00897. [Doc. 8].

8. A district court has discretion to withdraw a case referred to the bankruptcy court "on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Fifth Circuit has held that district courts should decide "cause" for permissive withdrawal of the reference by considering a series of factors, those factors being whether: (1) the underlying lawsuit is a non-core proceeding; (2) uniformity in bankruptcy administration will be promoted; (3) forum shopping and confusion will be reduced; (4) economical use of the debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial. *See, Holland Am. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir. 1985); *In re Align Strategic Partners, LLC,* 2019 Bankr. LEXIS 1906 *5, 2019 WL 2524938 (Bankr. S.D. Tex. 2019).

A. **First Factor: The Underlying Suit Contains Both Core and Non-Core Matters.**

9. Plaintiff's complaint in this adversary proceeding incorporates her Second Amended Complaint (the complaint on file at the time of removal) in the pending Federal Suit. Therein, Plaintiff asserts claims for violation of the Texas Constitution, Malicious Use of Process, Conspiracy, Fraud, Intentional Infliction of Emotional Distress, Mental Anguish (as an affirmative claim), Texas Debt Collection Practices Act violations, Declaratory Relief, and Injunctive Relief. The foregoing claims largely do not invoke substantive rights created by federal bankruptcy law and could exist outside of the bankruptcy context and constitute "non-core" claims." *See generally, Longhorn Partners Pipeline L.P. v. KM Liquids Terminals, L.L.C,* 40 B.R. 90, 96 (Bankr. S.D. Tex. 2009). However, the complaint filed in this adversary proceeding also asserts claims against PHH that PHH violated the automatic bankruptcy stay (which it did not). This type of claim is a "core" claim. *See In re Lopez,* 2015 Bankr. LEXIS 4017, 2015 WL 7572097 (providing that claims pertaining to violations of §362 are core claims).

10. While containing both core and non-core claims, non-core claims predominate the complaint. This factor weighs in favor of withdrawing the reference. When analyzing this factor, the court must consider how a "bankruptcy judge's authority … differs depending on whether the subject matter is 'core' or 'non-core.'" *Lopez v. Portfolio Recovery Assocs. LLC,* 2017 Bankr. LEXIS 2221 *38 (Bankr. S.D. Tex. 2017). Specifically, bankruptcy courts are limited in power over referred matters and issues that are "non-core." *Id.* §157(b). If a proceeding is not a core proceeding, the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district court; only the district court may enter a final order, "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. §157(c)(i); Vela, 2007 U.S. Dist. LEXIS 38997 at *9.

11. Because a district court must review de novo a bankruptcy court's findings on non-core matters, a finding that a proceeding is non-core strongly favors a withdrawal of reference. *See, Waldron v. Nat'l Union Fire Ins. Co (In re Ebaseone Corp.)*, Adv. No. No. 06-3197, 2006 Bankr. LEXIS 1861, *12 (Bankr. S.D. Tex. June 14, 2006).

**B.      Second Factor: Uniformity in Bankruptcy Administration Will Be Promoted.**

12. Regarding uniformity, nothing can be gained by having the Court preside over an adversary proceeding related to a bankruptcy that was dismissed within thirty days of its filing for non-compliance with Court's Deficiency Order. As examined by the Court in prior cases, "If the Bankruptcy Court maintains an 'intimate familiarity' with the case and has dedicated a large amount of time and resources to the adversary proceeding, [then] this factor weighs heavily in favor of denying the withdrawal of the reference." *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 868 (Bankr. S.D. Tex. 2006) (internal quotes omitted). Conversely, this factor favors withdrawal

when a motion to withdraw the reference is filed shortly after a complaint and the court has not reached a significant level of familiarity with the case. *In re EbaseOne Corp.,* 2006 Bankr. LEXIS 1861, 2006 WL 2405732 *4 (Bankr. S.D. Tex. 2006). Given that the adversary proceeding was only filed about forty-five days ago, with no party having yet to answer (save this motion), this factor weighs heavily in favor of the reference being withdrawn.

**C.**     **Third Factor: Forum Shopping.**

13.     PHH has the right to defend the merits of Plaintiff's suit in the United States District Court for the Southern District of Texas. Removal was proper and much of the prior litigation between the parties has occurred within the United States District Court for the Southern District of Texas. Through this adversary proceeding Plaintiff is attempting to do nothing more than obtain a second bite at the apple in the event the District Court rules against her on her claims. A major consideration in favor of withdrawal of the reference is if there is an appearance of forum shopping by a party, as is the case here. *Levine v. M&A Custom Home Builder & Developer, LLC,* 400 B.R. 200, 205 (S.D. Tex. 2008).

**D.**     **Fourth Factor: Economical Use of Resources Will Be Fostered.**

14.     It would be economical for PHH and Plaintiff to litigate Plaintiff's dispute in one forum. The District Court is the most economical forum for the dispute to be resolved given the existence of non-core issues as well as Plaintiff's jury demand. Further, as displayed by the contents of PHH's Motion to Declare Joanna Burke a Vexatious Litigant, Burke has elected to sue repeatedly, appeal constantly, and attempt to intervene in cases in other venues throughout the United States. Decisions by the Bankruptcy Court as to non-core issues will most likely be appealed, and further appealed to the Fifth Circuit.

15. Withdrawing the reference will eliminate at least one level of likely appeal – from the bankruptcy court to the district court – whereby, saving judicial resources and speeding up final resolution. Faced with the high likelihood of eventual appeals, other courts have withdrawn the reference to avoid the extra layer of appellate review potentially arising from bankruptcy cases. See, e.g., *Abondolo v. GGR Holbrook Medford Inc.*, 285 B.R. 101, 113 (E.D.N.Y. 2002) (granting a motion to withdraw the reference "because any appeal they would take of the bankruptcy court's ruling on those motions would ultimately be presented to this Court anyway"). PHH asserts that economy of resources weighs in favor of withdrawal of the reference.

E.  **Fifth Factor: The Bankruptcy Process Will Be Expedited.**

16. "A district court should consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy case." *Lopez v. Portfolio Recovery Assocs. LLC,* 2017 Bankr. LEXIS 2221 *38 (Bankr. S.D. Tex. 2017); relying on *In re Doctors Hosp.,* 351 B.R. at 869. As the bankruptcy has been dismissed, the withdrawal of the reference will neither expedite the bankruptcy nor hinder the bankruptcy. As such, this factor appears to be neutral. *See, Lopez v. Portfolio Recovery Assocs. LLC,* 2017 Bankr. LEXIS 2221 *42 (Bankr. S.D. Tex. 2017).

F.  **Sixth Factor: A Party Has Demanded a Jury Trial**

17. Plaintiff's complaint demands a trial by jury. When analyzing the jury demand factor, the Court must consider whether a jury demand is pending. *Fed. R. Bankr. P. 9015* (incorporating Fed. R. Civ. P. 38). The existence of a jury demand weighs in favor of withdrawal of the reference. *Lopez v. Portfolio Recovery Assocs. LLC,* 2017 Bankr. LEXIS 2221 *43 (Bankr. S.D. Tex. 2017). As observed by the Bankruptcy Court, "If there is a valid demand made for a jury trial and the Bankruptcy Court is unable to conduct the trial through consent, the appropriate course

of action is for the District Court to withdraw the reference so that it may conduct a jury trial." *In re Align Strategic Partners, LLC,* 2019 Bankr. LEXIS 1906 *5, 2019 WL 2524938 (Bankr. S.D. Tex. 2019). Given the foregoing, this factor weighs heavily in favor of withdrawal of the reference.

### III.
### CONCLUSION

Based on the foregoing, the District Court should withdraw the reference of this adversary matter from the Bankruptcy Court and take Jurisdiction over this matter in its capacity as a court of original jurisdiction.

Respectfully submitted,

By:  */s/ Mark D. Hopkins*
Mark D. Hopkins
State Bar No. 00793975
Shelley L. Hopkins
State Bar No. 24036497
**HOPKINS LAW, PLLC**
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
(512) 600-4320
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

**COUNSEL FOR
PHH MORTGAGE CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Joanna Burke
46 Kingwood Greens Drive
Kingwood, Texas 77339
joanna@2dobermans.com
**PRO SE PLAINTIFF**

*/s/ Mark D. Hopkins*
Mark D. Hopkins