IN THE UNITED STATES DISTRICT BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
F I L E D
JUN 24 2024
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| Joanna Burke, | ) BANKRUPTCY CASE No. 24-30855 |
| Plaintiff | ) |
| v. | ) ADVERSARIAL CASE No. 24-03056 |
| Deutsche Bank National Trust Company, PHH Mortgage Corporation, AVT Title Services, LLC, DOES 1-10 | ) |
| Defendants | ) **PLAINTIFF'S VERIFIED MOTION FOR RECONSIDERATION WITH INCORPORATED BRIEF** |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE JEFFREY P. NORMAN AND ALL INTERESTED PARTIES:

"Jurisdiction is the power to say what the law is... And to act without jurisdiction "is, by very definition, for a court to act ultra vires."" - *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

Pursuant to Fed. R. Civ. P. 59(e), applicable to this proceeding by Fed. R. Bankr. P. 9023, Joanna Burke, Plaintiff in the above-referenced adversary proceeding and in the above-referenced bankruptcy case (the "Plaintiff") timely presents this motion for reconsideration of the Court's final order of dismissal as signed and docketed in this case on June 4, 2024, and for the reasoning detailed in the incorporated brief presented herein, it is a nullity in law. This adversary case was necessary to recover damages for the willful violations of the automatic bankruptcy stay, as detailed in Plaintiff's complaint, Doc. 1, Apr. 29, 2024.

### INCORPORATED BRIEF OF PLAINTIFF

Throughout these proceedings and related cases, Defendants have persistently engaged in

1

falsehoods, deceit, harassment, and defamation against Plaintiff. By way of example, you can read PHH's Motion for Withdrawal of Reference (Doc. 3), where they state on p.4, no. 9:

> "Plaintiff's complaint in this adversary proceeding incorporates her **Second Amended Complaint** (the complaint on file at the time of removal) in the pending Federal Suit." (emphasis added).

This is a deliberate falsehood. Plaintiff assumes this pertains to Shelley Hopkins May 30, 2024 "communication"[1] with Judge Welein's Case Manager regarding providing the district court with the state case removal documents, which Plaintiff retains for comparison, if necessary. In short, a review of PHH's snap-removal contradicts Defendant's statement, see;

> Case 4:24-cv-00897 Document 1, Filed on 03/12/24 Exhibit A, p.5, B. Federal Question Jurisdiction, 12, in relevant part: "See, Plaintiff's Third Amended Complaint, at pp. 13, 18."; Document 1-3, p.3, "3/4/2024, Third Amended Original Petition".

### JudgeGate & ClerkGate (2024):

Let the record show, this is at least the third[2] time *pro se* Plaintiff's USPS Priority Mail has been

---

[1] This "communication" is detailed in a later footnote.

[2] **First time:** USPS Express Mail posted on Mar. 27, 2024, delivered on March 29, 2024 and which included (i) Cover letter dated Mar. 27, (ii) First Motion to Abate with Proposed Order docketed as Mar. 29, 2024, entered on Mar. 29, 2024 (iv) Adversary Complaint; docketed as Mar. 29, 2024, entered on Apr. 4, 2024 in Bankruptcy Case 24-30885 (Doc. 28), and Adv. Case 24-03056 (Doc. 1). See USPS Tracking on Website; https://2dobermans.com/woof/8p

**Dishonest Clerk:** You will note the delay in filing one of the 4 documents/pleadings included in the Express Mail envelope – the Adv. Complaint, which Clerk Rios denied existed via email, but he would change his untenable and untruthful position after Plaintiff advised she had a date and timestamped physical copy, sent to her from this Court.

Plaintiff emailed Mario Rios on Monday, Apr.1, 9.09 am discussing the missing Adv. Complaint from the docket and also attaching an earlier email (Feb. 22, 2024) complaining to both Rios and copying the known District Court's Operations email (where Plaintiff has communicated previously) about other instances of missing pleadings sent via USPS. (See Exhibit 1)

2

intentionally withheld from the docket in relation to the latest case(s) involving Plaintiff in S.D. Texas, in addition to mail being purposefully docketed and retained on another court case before US District Judge Alfred H. Bennett (*Samuels v. PHH Mortgage Corporation* (4:23-cv-04687) District Court, S.D. Texas).

As this motion will clearly show, the judicial machinery itself including the officers of the court, namely Clerk Mario Rios, Case Manager to assigned Bankruptcy Judge Jeffrey P. Norman, are irrefutably working in tandem to circumvent the Plaintiff's legal and constitutional rights. In short, they are acting beyond the allowed duties of an officer of the court.

This is not a novel allegation. For example, see Reuters article:

***"Emboldened by Impunity (Part II) With 'Judges Judging Judges,' Rogues on the Bench have little to Fear"***, and which includes former Judge Curtis Delapp who was caught on video with his clerk backdating and manipulating legal court documents. Article last visited Jun. 17, 2024 - https://2dobermans.com/woof/8q.

Immunity does not apply to either the Judge or the Clerk based on these *ultra vires* acts.

---

Rios replied stating; 1. Your case was dismissed for non-compliance of Order signed on March 14, 2024. The Court had granted your motion for extension and gave you until March 29 to get the documents on file. They were not. 2. The Motion to Abate was Denied as Moot. 3. **We (the Court) does not have an Adversary Case on file.** (emphasis added).

**Second time:** USPS Priority Mail posted on Apr. 30, 2024, delivered on May 15, 2024, docketed as May 16, 2024, entered on May 20, 2024., in Snap-Removed State Case before Judge Werlein, Motion to Strike and Motion for Extension of Time, Docs. 13-14. See USPS Tracking on Website; https://2dobermans.com/woof/8n

**Compare with:** USPS Priority Mail posted on Apr. 8, 2024, delivered on Apr. 10, 2024, docketed as May 10, 2024, entered on May 10, 2024, in Snap-Removed State Case before Judge Werlein, Reply to Remand and Reply to PHH's Motion to Clarify, Docs. 9-10. See USPS Tracking on Website; https://2dobermans.com/woof/8o

**Third time:** USPS Priority Mail posted on May 28, 2024, delivered on Jun 3, 2024, docketed as Jun 4, 2024, entered on Jun 7, 2024 in Adv. Case, Motion for Default Judgment and Declaration Docs. 6-7. See USPS Tracking on Website; https://2dobermans.com/woof/8m

See; *Burke v. PHH Mortgage Corporation* (0:23-cv-01119) District Court, D. Minnesota, (Doc. 1, Complaint; Apr. 19, 2023, Count 1.8, p. 88-89)("The MN Complaint").

### The US Post and Federal Paper Trail: How the Docket Was Manipulated by the Court

As this motion will detail, the Court has already sided with the Defendants in this case by their own actions.

Plaintiff proves beyond a reasonable doubt that if her Motion for Default Judgment with Declaration and Proposed Order had been entered by the Court when it actually arrived, then a Default Judgment would have been entered against the Defendants. Instead, by manipulating the docket, and working in collusion with counsel for Defendants, Mark and Shelley Hopkins, this allowed for a late answer by PHH to file the motion to "Withdraw the Reference", which was entered merely one day before the Order of Dismissal.

However, this would potentially only release one of the Defendants, with the others remaining non-responsive, *e.g.* Deutsche Bank/Codilis and AVT/Mackie Wolf. In light of this problem for the Defendants, the Court decided to get creative. Absent all jurisdiction, assigned Bankruptcy Judge Jeffrey P. Norman signed a void order of dismissal on Apr. 4, 2024 to "expedite" the fraud on Plaintiff at the behest of Defendants. See Doc. 3, p.7 at 15, in part;

> "Withdrawing the reference will eliminate at least one level of likely appeal – from the bankruptcy court to the district court – whereby, saving judicial resources and speeding up final resolution."

It is clear and obvious the Court is manipulating rules and laws to favor the Defendants. In conclusion, this Court does not function as an impartial adjudicator; instead, it brazenly aligns itself with the Defendants as a collaborator, as the documentary evidence confirms.

### ClerkGate:

The acts witnessed, including the dishonest denials made in writing by bankruptcy court

4

Clerk Mario Rios (See Exhibit 1) is labeled "ClerkGate (2024)" by Plaintiff. It is a continuation of the judicial machinery violating the rule of law, and Plaintiff's protections and rights under the Fourth, Fifth and Fourteenth Amendments of the US Constitution from "ClerkGate (2021)", where the Fifth Circuit Clerk Christina Gardner impersonated the Burkes' on appeal by unconstitutionally and fraudulently seizing and modifying their pleading to the colossal detriment of their case. See, The MN Complaint generally and which incorporates legal authority;

> "Clerks serve to file cases as they arrive, not to participate as adversaries in those disputes." *Courthouse News Serv. v. Gilmer*, No. 21-2632 at *5 (8th Cir. Sep. 19, 2022).

## The Timeline of Events

The timeline of event lends support to Plaintiff's complaint. On Monday, May 27, 2024, a federal holiday, the Plaintiff prepared her motion for default judgment against all Defendants and which was posted the next morning, Tuesday, at 0605 hrs by USPS Priority Mail in Kingwood. The USPS website stated the mail would arrive on Thursday, May 30, 2024[3].

According to the USPS website, the mail did not arrive on that date, nor the next day, Friday, May 31. The USPS website would eventually record delivery confirmation at some time

---

[3] Importantly, at 1513 hrs on Thursday, May 30, 2024, Plaintiff received an email from counsel for PHH concerning Judge Ewing Werlein, Jr.'s case manager (Clerk), who was holding a remote conversation and email thread with counsel for PHH, purportedly asking for a copy of the "removed" State case.

Counsel for PHH, Shelley Hopkins disclosed this via email, however, she refused to provide a copy of the documents she submitted at the District Court's request, electing only to send the cover letter for the attention of Judge Ewing Werlein, Jr., signed "Best Regards, Shelley Hopkins", dated May 30, 2024.

As this Court is aware, the Plaintiff's adversary complaint is premised on the timing of this removal, which Plaintiff asserts is a willful violation of the Automatic Bankruptcy Stay.

5

during the early hours of Thursday, June 6. The USPS website claims the delayed mail was delivered on Monday, June 3 at 1321 hrs.[4]

It was during this period that disquieting events occurred, resulting in the Order of dismissal of Plaintiff's Adversary proceedings, without a show cause order[5], and/or without notice, and/or without a hearing, and where it would cause prejudice to Plaintiff.[6]

### The Main Bankruptcy Case (24-30885)

Main case: docket and timeline (key events); Ch. 13 Voluntary Petition filed (Mar. 1, 2024, Doc. 1); Notice of Appearance by DBNTCO (Mar. 8, Doc. 13); Notice of Emergency Motion to Remand (Mar. 19, Doc. 21); Motion to Abate with request for hearing (Mar. 29, Doc. 23); Adversary case backdated on docket (Mar. 29, Doc. 28); Order Dismissing case (Apr. 1, Doc. 24); Order mooting Motion to Abate (Apr. 1, Doc. 25); Order Dismissing Adversary Case (Jun. 4, Doc. 29).

### The Adversary Case (24-03056)

Adversary case: docket and timeline (key events); Adversary case backdated on docket (Mar. 29, Doc. 1); Summons Issued (Apr. 10, Doc. 2); PHH's Motion for Withdrawal of Reference

---

[4] Compare the delivery timeline and extensive delays discussed with the latest USPS Priority Mail posted by Plaintiff to the assigned PO Box for S.D. Texas court filings intended for the Houston Division. The Plaintiff's mail was posted on June 11, 2024 and arrived the very next day on June 12, at 13.31 hrs: https://2dobermans.com/woof/81

[5] See; *Robinson v. Wilburton Vill. Apartments (In re Robinson)*, No. 21-80455, at *2 (Bankr. E.D. Okla. Feb. 28, 2022) ("Having dismissed Debtor's chapter 13 bankruptcy case on January 12, 2022, this Court entered an Order to Show Cause why this adversary proceeding should not be dismissed.").

[6] See; *Jefferson v. Cmty. Bank (In re Jefferson)*, 477 B.R. 645, 648 (Bankr. S.D. Miss. 2012) ("...the bankruptcy court may consider where dismissal would cause prejudice to one of the parties.").

(Jun. 3, Doc. 3); Order Dismissing Adversary Case (Jun. 4, Doc. 4); Plaintiff's Motion for Default Judgment (Jun. 4, Doc. 6); Plaintiff's Declaration (Jun. 4, Doc. 7); Order Denying Motion for Default (Jun. 7, Doc. 8).

### The Order Dismissing the Adversary Case is Untimely and Void

The Order of June 4, 2024 was more than 30 days after dismissal of the related bankruptcy case on April 1, 2024, which is procedurally untimely, and void. The Adversary case should have been dismissed at the time of dismissal of the Bankruptcy case on Apr. 1. See;

> Rule 7041-1 Dismissal of Adversary Proceedings: "Whenever a case under the Bankruptcy Code is dismissed by order of the court, any adversary proceeding pending in the case will be dismissed without prejudice and without further order of the court." https://www.prb.uscourts.gov/sites/default/files/local_rules/LBR-7041-1.pdf, (last visited, Jun. 14, 2024)[7].

As admitted by its own actions, this court did not dismiss the case after the bankruptcy case was dismissed, either by implication or order. The record confirms quite the contrary, and that the court agreed the Adversary Proceedings warranted continuation of the case by issuing the summons nearly two weeks after (May 10, 2024) the docketed filing of the complaint on April 29, 2024.

### Withdrawal of Reference

In support, PHH's argument sought "Withdraw of the Reference", and in doing so asserted this court's jurisdiction to decide the motion (Doc. 3, June 3, 2024). That pleading alone is sufficient to support Plaintiff's assertion the court decided to retain jurisdiction in the absence of all jurisdiction when relying on the bankruptcy code itself.

---

[7] S.D. Texas Bankruptcy Court local rules do not incorporate this specific rule, but the reference to bankruptcy code is controlling.

7

**Mandatory and/or Permissive Withdrawal**

However, the type of withdrawal warrants further discussion. mandatory withdrawal of the reference must be granted when there is a motion such as PHH's before the clerk and court: as discussed in *Professional Fee Matters Concerning the Jackson Walker LLP* (23-00645), United States Bankruptcy Court, S.D. Texas, ("In re JW") Report and Recommendation, Doc. 44, p. 6.

Instead, PHH relied solely upon permissive withdrawal of the reference. See In Re JW, Doc. 44, p. 7. In Plaintiff's adversary proceedings, mandatory withdrawal over this court's order of dismissal would control - based on PHH's documented assertions and combined with the fact this case involves a national bank (Deutsche Bank) and non-bank (PHH), and where these financial institutions operate across multiple states, affecting customers, investors, and regulatory bodies across state lines (Interstate Commerce).

In summary, this court's order entered the day after PHH's motion dismissing the case is erroneous, in law. This court - by its own actions - asserted jurisdiction to decide PHH's motion currently before it. In taking that position, it should have ensured proper briefing and a hearing to formulate and present a formal Report and Recommendation to the District Court.[8]

---

[8] On the contrary, PHH's narrative is rather confusing.

They keep repeating; "A district court has discretion to withdraw a case referred to the bankruptcy court "on timely motion of any party, for cause shown." 28 U.S.C. § 157(d)."

However, despite their own assertions, this motion has been brought before the bankruptcy court, not the district court – see;

*Lacey v. Bac Home Loans Servicing, LP (In re Lacey)*, No. 10-19903-JNF, at *17 (Bankr. D. Mass. Oct. 27, 2011)

("This Court does not consider the distinction between core and non-core matters to be dispositive of whether it has authority to withdraw the reference. The decision to do so is within the purview of the district court. The Defendants may file a motion to withdraw the reference with this court for transmittal to the district court which may assess its timeliness.").

In this scenario, Plaintiff maintains what the court could not do is dismiss the adversary proceedings more than 30 days after dismissal of the underlying bankruptcy case, long after the court had allowed the adversary case to proceed, issued the summons 13 days after the Plaintiff's complaint was received, and where there were pleadings presented on the docket which the Court was mandated to review.

### A Willful Violation of the Automatic Bankruptcy Stay

Additionally, and/or in the alternative, a willful violation of the automatic bankruptcy stay does not warrant dismissal[9], and two willful violations most certainly do not warrant dismissal. That stated, the question remains as to whether this court retained subject matter jurisdiction[10] over the objections of Plaintiff to decide the case, or if an Article III United States District Court Judge was necessary.

This court never directly addressed or answered that specific question, which it is required to do before issuing any Order(s) on the merits (including consideration of the withdrawal of reference and default judgment motions), and in light of the state removed and related case before US District Judge Ewing Werlein, Jr., (*Burke v. PHH Mortgage Corporation* (4:24-cv-00897) District Court, S.D. Texas) which was snap removed in willful violation of the bankruptcy stay by Defendants in this adversary case.

---

[9] "Notwithstanding, an action under § 362(h) for damages for willful violation of the automatic stay, survives the dismissal of the bankruptcy case." - *Jones v. Boston Gas Company*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007); *40235 Washington St. Corp. v. Lusardi*, 329 F.3d 1076, 1080 (9th Cir. 2003); *In re Morris*, 950 F.2d 1531 (11th Cir.1992); *In re Carrahar*, 971 F.2d 327 (9th Cir.1992); *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162 (2nd Cir.1995).

[10] The bankruptcy case within which this adversary proceeding began has been dismissed. However, **subject matter jurisdiction is tested as of the date an adversary proceeding begins,** and the dismissal of the main case does not automatically strip the court of subject matter jurisdiction - *Brooks v. Rosebar* (20-10018) United States Bankruptcy Court, District of Columbia, Doc. 5, Aug. 10, 2020 (citing In re Querner, amongst many cases).

### The Plaintiff's Adversary Complaint

By this court's own admission, the Plaintiff's Adversary Petition would be docketed (and back-dated to Mar. 29, 2024) by the court *after* dismissal of the underlying bankruptcy case (Apr. 1, 2024). Again, this supports the Plaintiff's case that the Court's Order of Dismissal and reasoning provided;

> ""A bankruptcy court should generally dismiss related proceedings after the bankruptcy case has been closed", citing to In re Querner, 7 F.3d 1199 (5th Cir. 1993)."

Notably, it was only *after* Plaintiff advised the Court and Clerk that she had a timestamped copy of the Petition returned to her by USPS mail on Apr. 29 2024, that the Court filed the same on the docket, recording it as shown on Joanna Burke's copy from the Court.

### Intentional Misfiling and Retention of Plaintiff's Pleadings on Wrong Case Docket

For specific details, read the *Motion to Reinstate* dated Feb. 7, addressed to Bankruptcy Judge Jeffrey P. Norman regarding the Bankruptcy case, yet which was erroneously entered by the court onto the case styled; *Samuels v. PHH Mortgage Corporation* (4:23-cv-04687) District Court, S.D. Texas (Doc. 12, Feb. 9, 2024).

The same would occur on Apr. 10, with the court docketing Plaintiff's [second] *Motion to Reinstate* case dated Apr. 7, 2024 in the *Samuels* case, despite a cover letter with the bankruptcy court case number (24-30885) clearly distinct and visible, as well as the motion itself referring to bankruptcy Judge Jeffrey P. Norman.[11]

This was in response to the court's Apr. 1, 2024 *Order Mooting the Plaintiff's Motion to*

---

[11] By way of comparison, see; *Keita v. Nerdrez (and PHH Mortgage Corporation)*, 23-CV-2103 (LTS) (S.D.N.Y. Apr. 5, 2023), where the Chief Judge accidentally "mislabeled" the case number in her initial transfer order (Doc. 3, Mar. 21, 2023), which was corrected by the court in her subsequent order (Doc. 4, Apr. 5, 2023).

10

*Abate* in the bankruptcy case, Doc. 25.

### Electronic Filing Denied to Pro Se Plaintiff's in Houston Federal Courts

All of this could be avoided if the Southern District Courts' allowed for electronic filing by pro se litigants. However, it is clear and obvious that by demanding *pro se* litigants to file by post rather than electronically has served as an additional sword in the judiciary's armory in these proceedings to commit fraud by the court, circumvent due process, access to courts, the right to notice and a hearing, as commanded in law.

Whilst the S.D. Texas Courts have, from time to time granted electronic filing, these are selective, and in Plaintiff's own experience, premeditated. The orders which do grant ECF filing permissions are issued when the civil litigation has been fully briefed, and in anticipation of a final court order. See; Judge Alfred H. Bennett's ORDER (Doc. 47) granting Doc. 5; Motion to File Electronically (Entered: 03/26/2022), *Burke v. Ocwen Loan Servicing, LLC* (4:21-cv-02591), District Court, S.D. Texas.

### VERIFICATION

In closing, I, Joanna Burke, as Plaintiff with due authority and competency, resident of Kingwood in the livable forest of Harris County, Texas, born on November 25, 1938 (85 years old), in Kirkintilloch, Scotland, United Kingdom, and currently holding U.S. Citizenship, a valid State of Texas Driver License (last 3 digits are 738), and a Social Security Card (last 3 digits are 874), do solemnly declare under penalty of perjury that the foregoing statements are true and correct. This verified declaration, made under Chapter 132, Civil Practice and Remedies Code, holds significant weight in legal precedent, as evident in ACI Design Build Contractors Inc. v. Loadholt, 605 S.W.3d 515, 518 (Tex. App. 2020), McMahan v. Izen, No. 01-20-00233-CV, at *15-17 (Tex. App. Sep. 2, 2021), and In re Whitfield, No. 03-21-00170-CR, at *1 n.1 (Tex. App.

Nov. 10, 2021).

## CONCLUSION

### The Court's June 4, 2024 Order of Dismissal is Void, a Nullity in Law

"As this court has often said: "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; But if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void.""" - *In re Sawyer*, 124 U.S. 200, 220 (1888)

Subject matter jurisdiction is tested as of the date an adversary proceeding **begins** and was present at the time the original complaint was filed on Apr. 29, 2024, see; *Gomez v. Lone Star Nat'l Bank (In re Saenz)*, CASE NO: 13-70423, at *3-4 (Bankr. S.D. Tex. Mar. 6, 2015).

As the aforementioned incorporated brief details, this court would accept subject matter jurisdiction at the beginning of these proceedings but contrary to the bankruptcy code, did not dismiss this adversary case after the dismissal of the underlying main bankruptcy case.

By the time of entry of the order of dismissal, the Court's own actions were both fraudulent and to the legal detriment of Plaintiff, in violence to the Constitution and rule of law. See; The MN Complaint.

Thus, any acts thereafter, including this Court's order of dismissal is void, a nullity.

The Plaintiff's timely Verified Motion for Reconsideration with Incorporated Brief should be GRANTED.

RESPECTFULLY submitted this 17th day of June, 2024.

*Joanna Burke*

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339

Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on June 17, 2024 as stated below on the following:

**VIA U.S. Mail:**

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

**VIA e-Mail:**

PHH MORTGAGE CORPORATION

Shelley L. Hopkins
Mark D. Hopkins
HOPKINS LAW, PLLC
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com


DEUTSCHE BANK NATIONAL TRUST COMPANY

c/o Codilis & Moody, P.C.
Kathryn N. Dahlin SBOT#24053165
Kerrie S. Mattson-Neal ARDC#6270224
Nicole Bartee SBOT#24001674
Marla A. Skeltis SBOT#24136182
TX.bkpleadingsSOUTH@tx.cslegal.com
20405 State Highway 249, Suite 170
Houston, TX 77070
Telephone: (281) 925-5200

AVT TITLE SERVICES, LLC

c/o Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Pkwy, Suite 900

13

Dallas, Texas 75254-4319
Nicholas M. Frame
nframe@mwzmlaw.com

*Joanna Burke* (signature)

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

# EXHIBIT 1

# S.D. TX BK CLERK MARIO RIOS EMAIL THREAD "CLERKGATE 2024"

## RE: Joanna Burke (24-30885)

Mario Rios <Mario_Rios@txs.uscourts.gov>
Mon 4/1/2024 9:33 AM
To: Joanna Burke <kajongwe@gmail.com>; joanna@2dobermans.com <joanna@2dobermans.com>
Cc: TXSDdb_Houston_Operation <houston_operation@txs.uscourts.gov>

Good morning.
1. Your case was dismissed for non-compliance of Order signed on March 14, 2024. The Court had granted your motion for extension and gave you until March 29 to get the documents on file. They were not.
2. The Motion to Abate was Denied as Moot.
3. We (the Court) does not have an Adversary Case on file.

Sincerely,
Mario A. Rios
Case Manager for the Honorable Judge Jeffrey P Norman
United States District and Bankruptcy Courts
Southern District of Texas
515 Rusk St., Ste., 4505
Houston, TX 77002
Direct: 713-250-5393

**From:** Joanna Burke <kajongwe@gmail.com>
**Sent:** Monday, April 1, 2024 11:12 AM
**To:** joanna@2dobermans.com
**Cc:** Mario Rios <Mario_Rios@txs.uscourts.gov>; TXSDdb_Houston_Operation <houston_operation@txs.uscourts.gov>
**Subject:** Re: Joanna Burke (24-30885)

**CAUTION - EXTERNAL:**

I am forwarding this email using gmail to the court due to delivery issues on my 2dobermans email.

On Mon, Apr 1, 2024 at 11:09 AM <joanna@2dobermans.com> wrote:

> Good morning,
>
> First, I do not see my new adversary case docketed with a case number and which was included in the same envelope with the Motion to Abate.
> Could you furnish me with the docket number?
>
> Second, I would like to request a hearing date for the motion to abate.
>
> Please advise.

Case 24-03056   Document 10   Filed in TXSB on 06/24/24   Page 17 of 19

Thank you.
Joanna Burke

**From:** joanna@2dobermans.com <joanna@2dobermans.com>
**Sent:** Thursday, February 22, 2024 5:27 PM
**To:** 'mario_rios@txs.uscourts.gov' <mario_rios@txs.uscourts.gov>
**Cc:** 'TXSDdb_Houston_Operation' <houston_operation@txs.uscourts.gov>
**Subject:** RE: Joanna Burke (23-35083)

Good morning

I filed for Chapter 13 Bankruptcy in Southern District Federal Court, Houston division on December 28, 2023. The case was assigned to Federal Bankruptcy Judge Jeffrey Norman, who signed an order dismissing the case on January 17, 2024. However, this was as a direct result of USPS mail delivery issues which have been well documented in the local media. It is necessary to point out my two separate USPS mailings, which enclosed Plaintiff's timely pleadings – and which were both delivered at 8:04 am on February 9, 2024 in HOUSTON, TX 77208 as per Tracking Numbers: 9405830109355057663270 (January 5, 2024 mailing) and 9405830109355063164198 (January 26, 2024 mailing) – remain missing from the court's case docket at the Southern District, Houston Division as at the time of this email (see screenshot attached). The court has been in possession of the mailed pleadings since the early morning of Friday, February 9, 2024 (12 days). A review of the US Court's website states, in part;

> *"The clerk manages the court's non-judicial functions according to policies set by the court and reports directly to the court through the chief judge. Among a clerk's many functions are: Maintaining court records and dockets".*

In my case, the clerk has not filed the two separate motions delivered on the same day. I would kindly ask that my motions to be filed on the docket and addressed in accordance with the law and without further delay.

See; *In re Cadwallder*, CASE NO: 06-36424, at *3 (Bankr. S.D. Tex. June 28, 2007) ("Occasionally the Clerk receives paper documents, from pro se litigants for example. When paper documents are submitted to the Clerk, they are scanned and turned into PDF documents on the Clerk's computer. The Clerk then generates the electronic docket entry through which the PDF document is accessed. Some courts destroy the paper copies. Other courts keep them for varying periods, but only as a precaution. No courts use the paper documents; only the electronic computer images are used by the courts, the parties, and the public.").

Sincerely,

Joanna Burke
joanna@2dobermans.com
Tel: (832) 466-9015
Fax: (866) 705-0576

"Membership in the bar is a privilege burdened with conditions. A fair private and professional character is one of them. Compliance with that condition is essential at the moment of admission; but it is equally essential afterwards. A lawyer is received into that ancient fellowship for something more than private gain. A lawyer becomes an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice."

- Wescott Agri–Prods., Inc. v. Sterling State Bank, Inc., 682 F.3d 1091, 1095 (8th Cir. 2012)

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

IN THE UNITED STATES DISTRICT BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Joanna Burke, | ) BANKRUPTCY CASE No. 24-30855 |
| Plaintiff | ) |
| | ) ADVERSARIAL CASE No. 24-03056 _____ |
| v. | ) |
| Deutsche Bank National Trust Company, PHH Mortgage Corporation, AVT Title Services, LLC, DOES 1-10 | ) |
| Defendants | ) |

## ORDER

Plaintiff Joanna Burke's Verified Motion for Reconsideration with Incorporated Brief came on for hearing before this Court on _____. After considering the Motion and all supporting and opposing documents, and having heard oral argument of counsel, and otherwise being duly advised on all matters presented on this cause, IT IS HEREBY ORDERED that the motion is GRANTED, and this adversary case is immediately REINSTATED. IT IS SO ORDERED,

Dated this ____ day of _____, 2024

_____
United States Bankruptcy Judge

1